**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

CIVIL ACTION NO. 14-219-DLB-EBA

LEWIS E. DAVENPORT                                                                                        PETITIONER

vs.                **<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

AARON SMITH, Warden                                                         RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.    INTRODUCTION**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Edward B. Atkins (Doc. # 36), wherein he recommends that Petitioner Lewis Davenports's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) be denied as meritless. Petitioner having filed objections to the R&R (Doc. # 37), and Warden Smith having responded (Doc. # 39), the R&R is ripe for review. Petitioner subsequently filed a Motion to Hold his Pending Habeas Petition in Abeyance (Doc. # 40), which has now been fully briefed (Docs. # 43 and 44), and is also ripe for review. For the reasons set forth herein, Petitioner's Abeyance Motion (Doc. # 40) is **denied**, the R&R (Doc. # 36) is **adopted** as the findings of fact and conclusions of law of the Court, and Petitioner's Petition for a Writ of Habeas Corpus (Doc. # 1) is **denied**.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The facts underlying this case have been recited many times since Petitioner's convictions for murder and first-degree robbery in 2002, culminating in the Supreme Court of Kentucky's summary in *Davenport v. Commonwealth*, 177 S.W.3d 763, 766-67 (Ky.

1

2005). (Doc. # 36 at 2-3) (quoting extensively from the Supreme Court of Kentucky opinion affirming Petitioner's conviction). Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 12, 2015. (Doc. # 1). Warden Aaron Smith filed his response to the habeas petition on December 9, 2015. (Doc. # 20). Petitioner replied on May 18, 2016, (Doc. # 33), at which point the matter was fully submitted to the chambers of Magistrate Judge Atkins.

On January 31, 2017, Magistrate Judge Atkins issued his R&R, recommending that the Petition (Doc. # 1) be denied. (Doc. # 36). Petitioner filed his Objections on February 23, 2017 (Doc. # 37), and Warden Smith responded on March 10, 2017. (Doc. # 39). While the Court's review of the Magistrate Judge's R&R was pending, Petitioner filed a Motion to Hold his Pending Habeas Corpus Petition in Abeyance in order to bring additional claims in the Kentucky state courts. (Doc. # 40). Warden Smith responded, (Doc. # 43) and Petitioner filed his Reply. (Doc. # 44).

### III. ANALYSIS

#### A. Petitioner's Habeas Petition will not be held in abeyance.

The Supreme Court has long held that federal district courts cannot adjudicate habeas petitions comprised of both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioners for habeas corpus relief have one year to bring a habeas petition after exhausting their state court remedies. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). To accommodate the situation where an unexhausted claim may need to be brought in state court while fully exhausted claims are already in federal court, the Supreme Court balanced AEDPA's one-year statute of limitations against a district court's

inability to adjudicate petitions containing unexhausted claims and determined that, in limited circumstances, a district court could grant a "stay and abeyance" on the exhausted claims before it, pending the resolution of the unexhausted claims. *Rhines*, 544 U.S. at 277. Because "stay and abeyance should be available only in limited circumstances," *id.*, to succeed on such a motion the petitioner must "show good cause for failing to present the claims before the state court in the first instance, and … show that his unexhausted claims are not 'plainly meritless.'" *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009) (quoting *Rhines*, 544 U.S. at 277).

Petitioner's Motion does not detail the facts underlying his request for a stay, instead stating only that he has "found two (2) issues that have not been addressed by the McCreary Circuit Court." (Doc. # 40 at 1). When challenged by Respondent's Memorandum in Opposition, (Doc. # 43), Petitioner provided additional details in his Reply, alleging the following issues related to his ineffective-assistance-of-counsel claims: (1) Petitioner's "Trial Counsel Failed to Appeal the Trial Courts[sic] Ruling on the Motion to Suppress Petitioner's Statement"; (2) "Trial Counsel Failed to present any Mitigation Evidence at Sentencing Phase"; and (3) Trial Counsel's[sic] Failed to Appeal the Trial Courts[sic] overruling of Petitioner's Judgment Notwithstanding the Verdict and Motion for a New Trial." (Doc. # 44 at 2). According to Petitioner, his Motion contained new evidence in the form of two affidavits, available in his original habeas petition. *Id.* at 2-3.

Several factors urge this Court to deny Petitioner's Abeyance Motion. First, the "new evidence" is not new, but was included in his petition (Doc. # 1), and has been presented to the state courts, including the original trial court. (Doc. # 20-1 at 48)

(Petitioner's direct appeal brief to the Supreme Court of Kentucky) ("A motion for a judgment notwithstanding the verdicts and for a new trial was filed on April 19, 2002 … An addendum, including affidavits of two inmates who said that Chris Davenport told them that he had bargained for his testimony was filed on May 13, 2002."). Thus, the Court finds that Petitioner has not presented any "new" evidence in support of his Motion. Second, Petitioner has failed to allege facts or present arguments establishing good cause to excuse his failure to bring the claims in state court before. Nor has he presented any explanation as to why his new claims are not "plainly meritless." *Wagner*, 581 F.3d at 419.

Because Petitioner has identified no new evidence, shown no good cause for his failure to bring any claims he believes he may still be able to exhaust in state court, and failed to demonstrate why his new claims are not "plainly meritless," Petitioner's Motion to Hold his Pending Habeas Petition in Abeyance (Doc. # 40) is **denied**. Accordingly, the Court will review the R&R.

    **B.**    **The Magistrate Judge's R&R is adopted.**

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review under a *de novo*, or any other, standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas petitions are held to a less stringent standard and given more "liberal construction," however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Burris v.*

*United States,* 430 F.2d 399, 403 (7th Cir.1970), *cert. denied,* 401 U.S. 921 (1971)).

In reviewing an R&R for a habeas petition, the court must determine whether the state court's decision was "contrary to" clearly established federal law, "involved an unreasonable application of clearly established federal law," or was "based upon an unreasonable determination of the facts in light" of the state-court record. 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). When analyzing an ineffective-assistance-of-counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 100.

Because Petitioner has raised a multitude of issues, the Court will analyze the R&R on a claim-by-claim basis.

### 1. The Court adopts the findings of fact and conclusions of law in the R&R to which Petitioner did not object.

Petitioner did not raise specific objections in the R&R to several of the claims. Therefore, the Court adopts the Magistrate Judge's findings of facts as its own for claims One through Nine. (Doc. # 36 at 12-37).

For three of the claims, Petitioner raised objections that did not respond to the Magistrate Judge's analysis and determination, and therefore cannot be considered "specific objections." Petitioner raised specific objections to the Magistrate Judge's recommendation that his third claim be denied. (Doc. # 37 at 17). They were, however, objections that were not germane to the Magistrate Judge's determination. In his habeas petition, Petitioner alleged that his due-process rights had been violated when he "requested and was denied funds to hire an expert crime scene analyst." (Doc. # 1 at 5). In his memorandum in support of the habeas petition, Petitioner continued his claim—

5

"Defense counsel filed a pre-trial motion for funds to employ a crime scene investigation expert to assist the defense in preparing … when the court denied the defense's motion … it denied [Petitioner's] Rights of Due Process…" (Doc. # 1-1 at 13-14). Petitioner's Objection to the R&R ignores this argument, instead attempting to turn this issue into an ineffective-assistance-of-counsel claim—"Here petitioner was subject to ineffective assistance of trial counsel and appellate counsel in that trial counsel failed to … consult an expert to assist … [and] Petitioner received ineffective appellate Counsel when counsel failed to raise this issue on appeal…" (Doc. # 27 at 18-19).

Similarly, for the eighth claim, Petitioner raised objections to the Magistrate Judge's recommended disposition, but they were not specific. (Doc. # 37 at 35). Instead, Petitioner repeated two ideas lifted from the Magistrate Judge's analysis: the phrase "double jeopardy" and the idea that counsel cannot be ineffective for failing to perform a futile act. *Id*. He did not further develop these ideas with facts or analysis. *Id*. Finally, for the fourth claim, Petitioner challenged the R&R by arguing, again, that because he had allegedly requested that his appellate counsel raise "[all] constitutional issues," he had not failed to exhaust his state court arguments with respect to certain potentially exculpatory witnesses. (Doc. # 37 at 28).

### 2. The Court adopts the R&R as to Petitioner's exhausted or procedurally defaulted claims.

The Magistrate Judge analyzed claims ten through seventeen under a different lens. The first seven of these claims are ineffective-assistance-of-counsel claims that the Magistrate Judge determined were procedurally defaulted because they had not been previously presented to the state court. (Doc. # 36 at 37). The last is a claim of "cumulative error," which is not a legitimate ground on which to bring a habeas claim. *Id*.

at 39 (quoting *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)). The bulk of Petitioner's Objections to the R&R were levied at the Magistrate Judge's determination regarding these claims. (Doc. # 37 at 5-17).

The Supreme Court has recently explained the difference between exhausting claims and procedurally defaulting on claims as they relate to federal habeas litigation. *Davila v. Davis*, 137 S. Ct. 2058 (2017). The exhaustion requirement under 28 U.S.C. § 2254(b)(1)(A) requires a state prisoner to exhaust all state remedies before bringing his claim in the federal courts, so as to "avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to … correct a constitutional violation.'" *Id.* at 2064 (quoting *Rose*, 455 U.S. at 518). As an "important 'corollary' to the exhaustion argument," *id.* (quoting *Dretke v. Haley*, 541 U.S. 386, 392 (2004)), federal courts are additionally prohibited from reviewing "federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Id.* (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). Confusingly, the Supreme Court has also held that "[i]n habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default, although the habeas doctrines of exhaustion and procedural default 'are similar in purpose and design and implicate similar concerns.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 7 (1992)).

When a habeas petitioner has not "exhausted available state remedies as to any of his federal claims," the federal habeas petition must be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Similarly, when a state prisoner defaults his

"federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred." *Id.* at 750. However, this latter prohibition can be overcome if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*

Petitioner does not dispute or specifically confront the "procedural default" problem that the Magistrate Judge found fatal for seven of his claims, instead suggesting that he sent letters to the Kentucky Department of Public Advocacy requesting that "they submit Constitutional issues to the Kentucky Court of Appeals," and that his appellate counsel's failure to include all the claims shows ineffective assistance of counsel. (Doc. # 37 at 3). But "in proceedings for which the Constitution does not guarantee the assistance of counsel at all, attorney error cannot provide cause to excuse a default." *Davila*, 137 S. Ct. at 2065 (declining to allow federal courts to "hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim."); *see also Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings.").

Thus, Petitioner does not meet the requirements in *Coleman* that would permit this Court to review the merits of claims ten through sixteen. Finding that Petitioner has failed to exhaust claims ten through sixteen, and that the Supreme Court has previously stated that a failure to exhaust within the habeas context is called a procedural default, *Woodford*, 548 at 92, the Court adopts the Magistrate Judge's findings of fact and

8

conclusions of law as its own for these claims.[1]

Petitioner also objects to the Magistrate Judge's recommendation on claim eighteen, which argued that "the cumulative effect of the previous collective errors deprived Petitioner of a fair trial." (Doc. # 36 at 39; Doc. # 37 at 17). The Magistrate Judge's conclusion that a claim of cumulative error will not support a petition for habeas relief is correct. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005) (citing *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002) and *Lorraine v. Coyle*, 291, F.3d 416, 447 (6th Cir. 2002)) ("[W]e have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."). The Court adopts the Magistrate Judge's findings of facts and conclusions of law with respect to this claim.

### 3. *Petitioner's additional objections to state-court facts and to arguments not raised in his habeas petition are denied.*

In addition to the objections listed above, Petitioner objects to several of the factual findings of the Magistrate Judge, and raises two new claims in his Objections to the R&R. (Doc. # 37). Each is denied.

---

[1] Although Petitioner did not object with specificity to the Magistrate Judge's determination of the Petitioner's Fourteenth Claim, out of an abundance of caution the Court believes this claim warrants additional attention. In the R&R, the Magistrate Judge couches this claim as follows: "Trial counsel was ineffective in failing to object to evidence tending to prove first-degree robbery, and failed to object to first-degree robbery instruction." (Doc. # 36 at 37-38). The Magistrate Judge found that this argument had not been raised at the state-court level. *Id.* But a review of Petitioner's brief on appeal from the McCreary County Circuit Court decision on his Ky. R. Crim. P. 11.42 petition shows that—regarding the jury instruction—Petitioner did indeed allege that his trial counsel provided ineffective assistance of counsel when counsel failed to object to the jury instructions on robbery. (Doc. # 20-1 at 579-580). The habeas petition raises the same issue: "trial counsel's failure to object to instruction on first-degree robbery … waived his right to question the adequacy of evidence of force to sustain a conviction under this charge." (Doc. # 1-1 at 23). However, Petitioner did not object with specificity to this determination and so the Court will adopt the Magistrate Judge's denial of this claim as it its own. *Thomas*, 474 U.S. at 150.

Petitioner raises eight objections to the facts stated by the Magistrate Judge in the R&R. (Doc. # 37 at 22-27, 29-30). However, these facts come from the Supreme Court of Kentucky and are presumed to be correct. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Petitioner has not met his burden of rebutting the correctness of the Supreme Court of Kentucky's facts by clear and convincing evidence, and is not permitted to "simply reargue his version of the crime at this stage, after a Jury and the Kentucky Supreme Court have already rejected it." *Bedford v. Webb*, No. 3:05-cv-82-KKC, 2007 WL 3396498, *2 (E.D. Ky., Nov. 13, 2007). Thus, Petitioner's factual objections are not well taken and will be overruled.

Petitioner also attempts to raise a new ineffective-assistance-of-counsel claim in his Objections by arguing that his trial counsel failed to preserve as an issue for appeal the trial court's evidentiary ruling permitting "a police detective to testify regarding his observations as to the demeanor of another witness." (Doc. # 37 at 17). But a review of the record shows this to be false on its face. (Doc. # 20-1 at 157) (Opinion of the Supreme Court of Kentucky) ("[Davenport] now appeals as a matter of right, alleging five trial errors: … (3) that the trial court erred in allowing a police detective to testify regarding his observations as to the demeanor of another witness."). In addition, Petitioner failed to raise this issue in his Ky. R. Crim. P. 11.42 appeal, thereby vitiating his right to raise the issue in his federal habeas petition. (Doc. # 20-1 at 554-585); *see Coleman*, 501 U.S. at 731.

Finally, Petitioner attempts to challenge the legal decision of the Supreme Court of Kentucky on whether his motion for a directed verdict was improperly denied by alleging that the decision "contains errors that violate the Petitioner's Constitutional Rights." (Doc. # 37 at 18-19). Construing this in the light of Petitioner's *pro se* status, the Court considers this newly raised issue an attempt to amend Petitioner's habeas petition by attacking the decision-making process of the Kentucky Supreme Court. But because Petitioner's new claim asserts a "new ground for relief supported by facts that different in both time and type from those the original pleading set forth," it does not relate back under Rule 15(c). *United States v. Perry*, No. 7:12-cv-7204-GFVT, 2015 WL 5737962, *7 (E.D. Ky., Sept. 30, 2015) (quoting *Mayle v. Felix*, 545 U.S. 644, 657 (2005)). Without the ability to relate back, the statute of limitations is not tolled and this claim is barred by AEDPA's one-year statute of limitations.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner's Motion to Hold his Pending Habeas Petition in Abeyance (Doc. # 40) is **DENIED**;

(2) Petitioner's Objections to the Magistrate Judge's R&R (Doc. # 37) are hereby **OVERRULED**;

(3) The Magistrate Judge's Report and Recommendation (Doc. # 36) is **ADOPTED** as indicated herein;

(4) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) is hereby **DENIED**;

(5) For reasons set forth in the Magistrate Judge's R&R (Doc. # 36), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(6) This matter be, and is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

This 3rd day of October, 2017.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\London\2014\14-219 Adopting and modifying R&R.docx